UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAM TRAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN P. HAGENSEN,<br><br>  Defendant. | CASE NO. 3:23-CV-5217-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 14, 2023 |

The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On March 15, 2023, Tran filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Tran filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Tran names Judge John P. Hagensen as the sole defendant. Dkt. 1-1. The proposed complaint alleges Judge Hagensen violated Tran's First Amendment rights and federal civil rights laws. *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a

REPORT AND RECOMMENDATION - 2

1 claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice
2 where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,
3 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to
4 dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

5       Judge Hagensen, the sole defendant named in this case, has judicial immunity. "Anglo–
6 American common law has long recognized judicial immunity, a sweeping form of immunity for
7 acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947
8 (9th Cir. 2002)(internal quotations omitted). "Absolute immunity fails to attach to judicial
9 officers only when they act clearly and completely outside the scope of their jurisdiction."
10 *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

11       Tran fails to state the alleged wrong-doing of Judge Hagensen; rather, the allegations
12 appear to arise from a criminal proceeding. *See* Dkt. 1-1. Tran appears to allege he was
13 sentenced without laws, there was no prosecuting attorney, and he did not have a defense
14 attorney. *Id*. The actions giving rise to Train's proposed complaint are related to the judicial
15 process. Judge Hagensen has absolute judicial immunity from this suit. *See Olson v. Idaho State*
16 *Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute
17 immunity for actions taken within their jurisdiction). There is no reasonable basis to conclude
18 that Judge Hagensen does not have jurisdiction to act in Tran's case. Moreover, Tran's
19 statements are too conclusory to sufficiently show his rights were violated and Tran fails to
20 allege any facts that support his conclusion that Judge Hagensen has violated his rights.
21 Regardless, "[a]llegations of malice or bad faith in the execution of the officer's duties are
22 insufficient to sustain the complaint when the officer possesses absolute judicial immunity."
23 *Demoran*, 781 F.2d at 158. This case has no arguable basis in law or fact. Therefore, the
24 proposed complaint should be dismissed as frivolous and for failure to state a claim.

1 **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Tran to amend the proposed complaint would be futile. As such, the Court finds Tran should not be afforded leave to amend his proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends Tran's Application to Proceed IFP (Dkt. 1) be denied.

**IFP on Appeal.** In the event that Tran appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Tran's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

REPORT AND RECOMMENDATION - 4

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 14, 2023, as noted in the caption

Dated this 30th day of March, 2023.

David W. Christel
Chief United States Magistrate Judge